Terry SMITH, Respondent,

v.

Mary J. SMITH, Appellant.

No. 43385.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1981.

Richard R. Howe, Canton, for respondent.

KELLY, Chief Judge.

This is an appeal from a judgment of the Circuit Court of Lewis County wherein the trial court found the marriage of Terry Smith and Mary J. Smith to be irretrievably broken, ordered the marriage dissolved, awarded custody of the two minor children of the marriage to the natural father and Petitioner, Terry Smith, and made a division of the marital property between the parties. Mary J. Smith, the respondent in the trial court, appealed. We affirm.

On appeal Mrs. Smith contends that the judgment of the trial court is erroneous on two grounds: (1) in awarding custody of the minor children to Petitioner and (2) in awarding Petitioner a sum of $8,500.00 from the marital property in excess of that awarded to her.

The parties were married on May 23, 1971; their first child was born on February 14, 1974, and the second on October 4, 1976. The parties separated on May 9, 1979, and Petitioner instituted this action on that same date.

At trial, evidence was adduced by both parties respecting the past conduct of each directed at whom would be the better custodial parent and the value of their marital assets. The trial court, as stated supra, dissolved the marriage, awarded custody of the two minor children to Petitioner, and in dividing the marital property did so by awarding Petitioner $8,500.00 more than he did Respondent.

Appellant's [1] initial Point is that the trial court's finding that the best interests of the children would be served by awarding custody to Respondent is against the greater weight of the evidence in that the trial court (1) failed to give sufficient weight to evidence tending to prove that Respondent systematically poisoned the minds of the children against her; (2) gave undue weight to evidence of prior indiscretions on her part when there was no evidence that (a) the children were harmed by said indiscre-

Wayne Fraser, Kirksville, for appellant.

1. The parties shall hereinafter be identified in the role they occupy in this court: Mary J. Smith, as "appellant," and Terry Smith as "respondent."

tions and (b) that said indiscretions continued later than 9 months prior to the trial of this cause; and (3) misconstrued the evidence with respect to the time of such misconduct because there was no evidence to support the trial court's finding that a private investigator was hired and made reports on said activity subsequent to the time she moved from the family home in Canton, Missouri to Quincy, Illinois.

■ Review of these alleged trial court errors in a case tried by the court is governed by principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976) and appellate courts are cautioned therein that they should exercise their power to set aside a decree or judgment on the ground that it is "against the greater weight" of the evidence with caution and with a firm belief that the decree or judgment is wrong.

■ Although this is a close case, the trial court's findings are supported by substantial evidence, and despite appellant's argument that the trial court misapplied the law, we conclude that it did not. Nor did the trial court erroneously declare the law.

■ Furthermore, appellant's contention that in reaching its decision the trial court was confused relative to the period during which she engaged in indiscretions with a man other than her husband is clarified by a close inspection of the Legal File and the Court's Findings of Fact and demonstrates that the only possible confusion which might have existed in the trial court's mind would have been with respect to where these indiscretions took place, not that they did. Any mistake in this respect is, in our opinion, harmless and we conclude that it would apply to where they took place, not that they did. We believe, however, that viewed in the light of the Legal File, the Findings of Fact and the evidence, there was no confusion in the mind of the trial court. There are numerous statements in the trial court's findings that demonstrate that it believed the misconduct occurred in 1979, prior to Appellant's departure from the family home, and that it was aware of her protestations that the misconduct had come to an end.

We, therefore, rule this Point against Appellant.

Appellant's second Point falls by reason of our holding on her first Point because this second Point is that the trial court erred in awarding the "greater majority"— $8,500.00—of the marital property to Respondent because this sum was awarded to him because he was awarded custody of the two minor children and the custodial award was erroneous for the reasons raised in her first Point. Having concluded that there was no error in the award of custody of the two minor children to Respondent, this Point has no validity.

We rule this Point against Appellant.

The judgment of the trial court is affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.